O’Neall, J.
The decision of the judge below presents to us for examination, the question whether the criminal Courts of this State may entertain jurisdiction of an offence created by act of Congress, and which is directed by the same to be prosecuted in the said Courts.
The judge below has stated some very strong views why the Courts of the State may not entertain jurisdiction of such cases; but it seems to me that the mistaken view which he has taken of the government of the United States, destroys the force of his very ingenious argument. If that government was indeed a government wholly foreign to us, then his argument would be irresistible. But, as it is stated by Mr. Hamilton, in the 82d No. of the Federalist, 3 Ham. Works, 267, u the national and State systems are to be regarded as one whole.” The government of the United States, in all its *695 constitutional powers, is the government of 'each and all the States, and by the Constitution, 2d Section, 6th Article, they have made “ the Constitution and the laws of the United States which shall be made in pursuance thereof, and all treaties made or which shall be made under the authority of the United States, the supreme law of the land.” This makes the constitutional action of the United States of general paramount authority in each State. The constitutional legislation of the United States is the command of South Carolina as well as of the United States; the officers and people of the former are bound by it, and more ’especially the judges, for the Constitution declares that they “ shall be bound thereby, any thing in the Constitution or laws of any State to the contrary notwithstanding.” If these views be correct, there can be no objection to the jurisdiction of the case, arising out of the peculiar and different structure of our “ national and State systems.” An offence against the laws of the United States is an offence against the laws of South Carolina; and she has the right to punish it, upon the confessed and acknowledged principle of the common law, that she has the right to punish all violations of her law ; unless the exclusive power of punishing it has been delegated by the Constitution of the United States to the judiciary created by it. For if the exclusive power has not been conferred on that branch of the government, the State judiciary has at least the power of punishing violations of the law, until the offender shall be proceeded against in the former. A conviction or acquittal, in either, would perhaps bar a prosecution in the other. This is certainly the case if the jurisdictions be concurrent. It is necessary to look to the power conferred in this respect by the Constitution of the United States on their judiciary. The .1st Section of the 3d Article declares “ that the judicial power of the United States shall be vested in one supreme Court, and such inferior Courts, as the Congress may from time to time ordain and establish.” This does not mean that the supremo and subordinate Courts of the Union should alone have the power of deciding those causes to which their authority is to extend, but that the United States should exercise the judicial power, with which they are to be invested, through one supreme tribunal and a certain number of inferior ones, to be instituted by them.” 82d. No. of the Federalist, 3 Ham. Works, 265. To decide the question of jurisdiction, it is hence necessary to inquire whether the power conferred on the United States’ Courts, of heáring and determining the class of cases of which this is one, be exclusive or not. The 2d Section of the 3d Article provides that “ the judicial power shall extend to all cases in Law and Equity, arising under this *696 Constitution, the laws of the United States, and treaties made, or which shall he made, under their authority.” Do the terms “the judicial• power shall extend to all cases,” neces-sanly imply exclusion f i think they do not. 1 hey are equivalent to a provision that “ the judiciary of the United States shall have power to hear all cases.” Would such a provision as the last be regarded as conferring exclusive jurisdic-lion ? It could not, for it means nothing more than where such cases are presented to the Judiciary of the United States, it shall hear, try and adjudge them. It may in this respect be likened to matters occurring constantly in our own legislation. By acts of the legislature, power is given to the Courts of law to foreclose mortgages in a certain specified case, to partition the estate, real and personal, of an intestate, under the value of #1,000 ; and yet it has never been doubted that none of these acts conferred exclusive jurisdiction. They only authorized another tribunal to exercise a power which had before been exercised by some other alone. So here, the United States Judiciary is additional to (hat existing in the States ; and where the latter had a common law jurisdiction of subject matter, which either had, or might arise, it was not taken from them, but the Courts of the United States were clothed with the same power ; and Congress might direct proceedings, civilly or criminally, to be in either one or the other. For both having jurisdiction, Congress might, in legislating upon a subject constitutionally within its power, select the agent which should enforce its sanction, and the State authority must obey it, both as the declared will of the United States, and also of the State. If this was not so, the government of the United States and that of the Stale, would be regarded as separate and wholly distinct; and the people would be subjected to the rules of action to be prescribed by two powers. This view is explained by that cotemporaneous commentary and exposition of the Constitution, which has received the respect and attention of every portion of the Union, as furnishing true views of its provisions. In the 82d number of the Federalist, Mr. Hamilton says, “ I mean not, therefore, to contend that the United States, in the course of legislation upon the objects entrusted to their direction, may not commit the decision of causes arising upon a particular regulation, to the federal Courts solely, if such a measure should be deemed expedient; but I hold that the State Courts will be divested of no part of their primitive jurisdiction, further than may relate to an appeal; and I am even of opinion, that in every case in which they were not expressly excluded by the future acts of the national legislature, they will, of course, tahe cognizance of the causes to which those acts may give birth.” 3 Ham. Works, 265-6. I concur fully in this *697 view, ancl particularly in the latter part; for it seems to me undeniable that every violation of a law of the United States, is, when committed in South Carolina, by a person subject to her jurisdiction, a violation of the law of South Carolina, for which she has the common law power of punishing the offender; unless she, through Congress, has made the Federal Judiciary her agent for that purpose. A violation of statute law which is made criminal, but for the punishment of which no particular forum is selected, may be punished by any Court where the law is obligatory, which has a general criminal jurisdiction-,' and which also has local jurisdiction of the act done, and of the person of the offender. The act here was a violation of an act of Congress, which directs it to be punish-ed by the State Judiciary ; it was done within the jurisdiction of the Court of Sessions for Chesterfield, and by a citizen of the United States residing in South Carolina. This, according to my view, would make it plainly within the power of South Carolina to punish it, through her judiciary, as an offence against her “peace and dignity.” The case of The State v. De La Forest, 2 N. & M’C. 217, is an authority in support of my views. In the opinion of the Court, delivered by a great constitutional lawyer, Mr. Justice Huger, speaking of that part of the 2d section of the 3d Article which provides that the judicial power of the United States shall extend to all cases affecting ambassadors, other public ministers, and consuls, he said, after coming to the conclusion that this provision did not confer exclusive jurisdiction on the Courts of the United States to punish consuls for offences committed by them, “ had the Constitution, then, given to the national government exclusive jurisdiction over consuls, inasmuch as they had not exercised this power, it is retained by the States.” The same observation may be made in this case, and will well apply to it. For if the United States might have claimed the jurisdiction, they have not only failed to do so, .but have expressly consented that it should remain in the State. The case of the United States v. Dodge and others, 14 Johns. Rep. 95, was an action on a bond for the payment of duties to the United States Collector for Champlain district, in the State of New York : the action was brought in the State Court, and a plea to the jurisdiction was filed; it was held by the whole Court that they had jurisdiction of the case. They say: “The action is upon a bond given by the defendants to the United States, conditioned for the payment of certain duties, and is in the form prescribed by the act of Congress, (Sess. 3, 5th Cong. ch. 128, §62) : on failure of payment of the duties, bonds thus taken are directed to be prosecuted (sec. 65) in the proper Courts having cognizance thereof. Bv the act to establish the judicial Courts *698 of the United States, (Sess. 1, 1st Cong. chap. 20, sections 9 and 11,) it is declared that “ the Courts of the several States shall have cognizance, concurrent with the Courts of the United States, of all suits at common law, where the Uni. ted States are plaintiffs in the suit.” That case, it seems to me, is a direct authority in favor of the jurisdiction of the State Court in this case. For there, as well as here, it was a case “arising under the laws of the United States and it cannot malte any difference, that one was on the civil, and the other is on the criminal, side of a State Court.
Wethers, Sol. for the motion.
Clinton, contra.
The motion to reverse the decision of the judge below, and to overrule the plea to the jurisdiction of the Court below, is granted.
Johnson and Harper, Js. concurred.